UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, )<br>)<br>Plaintiff, )<br>v.                                                            ) <br>)<br>THE BOARD OF TRUSTEES OF THE )<br>UNIVERSITY OF ILLINOIS, KAAMILYAH )<br>ABDULLAH-SPAN, and MENAH PRATT- )<br>CLARK, )<br>)<br>Defendants. ) | Case No. 18-CV-2090 |

**ORDER**

Plaintiff, Hye-Young "Lisa" Park, filed a *pro se* Complaint (#1) against Defendants University of Illinois Board of Trustees, Kaamilyah Abdullah-Span, and Menah Pratt-Clark on March 21, 2018, alleging that Defendants violated her civil rights. She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (#2), Motion to Request Counsel (#3), Motion to Request Access to CM/ECF (#4), and Motion for Status and Guidance (#6).  Plaintiff filed two Motions to Supplement Complaint (#5), (#7).  Those motions (#5), (#7) are GRANTED.

*Background*

Plaintiff filed this Complaint (#1) on March 21, 2018.  The Complaint is 59 pages long, and rehashes the exact claims and facts made in her other currently pending federal case, 15-CV-2136.  That case is still pending, however the court has granted summary judgment in favor of the University of Illinois Board of Trustees and terminated the Board and other individual University employees as defendants in that lawsuit. *See* Court's Order (#162) of January 30, 2018, in Case No. 15-CV-2136.

Plaintiff has filed this new suit, containing the exact same factual and legal allegations, against the Board of Trustees. Plaintiff has also added two new University employee defendants. Abdullah-Span is the senior associate director at the Office of Diversity, Equity, and Access (ODEA) and Pratt-Clark is the associate chancellor and provost for diversity at the University. Plaintiff alleges that these new defendants were also deeply involved in the ODEA handling of her complaints involving Charles Secolsky. All of the information provided, however, is directly related to the claims against the University already disposed of in Case 15-CV-2136. Both the facts alleged and claims made are nearly identical to that case.

*Analysis*

Plaintiff has moved to proceed *in forma pauperis*. 42 U.S.C. § 1915(e)(2)(B)(i) allows federal courts to dismiss frivolous or malicious actions that are filed in forma pauperis. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In enacting this section, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. Other federal courts have interpreted *Neitzke* to state that district courts may dismiss duplicative complaints under § 1915(e)(2)(B)(i). For example, in *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit stated that "in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." While *Wilson* did not discuss dismissal of pauper complaints that are duplicative of still-pending lawsuits filed by the same plaintiff, the court noted that

under § 1915(e)(2)(B)(i) the complaint may be dismissed if it is "malicious" and found that it was "malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Wilson*, 878 F.2d at 849-850.

In *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) the Fifth Circuit extended *Wilson* and held that a "[a] district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff." *Pittman*, 980 F.2d at 995. According to *Pittman*, "[o]rdinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier." *Pittman*, 980 F.2d at 995. "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple--but not more." *Pittman*, 980 F.2d at 995; see also *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (a duplicative complaint raising issues directly related to issues in another pending action brought by the same party should be dismissed).

For *res judicata* to apply, there must be (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Board of Trustees of Western Illinois University*, 796 F.3d 837, 840 (7th Cir. 2015).  In the instant case, there is an identity of parties between the two suits.  Plaintiff and the University of Illinois Board of Trustees are both named again.  The only difference now is the addition of Abdullah-Span and Pratt-Clark, but the allegations against them are identical to the allegations made against other individual University employees involved in the ODEA investigation who were named in 15-CV-2136.  *Res judicata* applies even when one action includes parties that were not named in the other

3

action, as long as the party against whom the doctrine is asserted was a party to the other litigation. *In re LB Steel, LLC*, 572 B.R. 690, 700 (Bankr. N.D. Ill. 2017). There is also an identity of the cause of action. The factual allegations made, and the claims made, are nearly identical to those made in 15-CV-2136. In any event, even if some of the facts and claims are slightly different, they certainly arise out of the same core of operative facts. See *Matrix IV, Inc. v. American National Bank and Trust Company of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (whether an identity of cause of action exists depends on whether claims arise out of same set of operative facts, because even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations).

      The only question is whether there has been a final judgment on the merits. While final judgment has not been entered on merits for the entirety of 15-CV-2136, because some claims against other defendants are still set for trial, the summary judgment Order entered on January 30, 2018, did dispose of all claims against the Board of Trustees and University employees concerning the ODEA investigation and University response. Thus, even though there are remaining claims against other defendants in 15-CV-2136, the court has disposed of all claims and matters relating the Board of Trustees and University employee defendants involved in the ODEA investigation, and therefore there has been a final judgment on the merits with regards to Plaintiff's claim. See *Bell v. Taylor*, 827 F.3d 699, 708 (7th Cir. 2016) (although the district court applied res judicata before it ruled on injunctive and declaratory relief as to the other defendants, the district court's rulings pertaining to the plaintiff were final, as there were no remaining claims against the plaintiff after the district court issued its

first summary judgment opinion).  Even if the court were to find that final judgment on the merits had not been entered on Plaintiff's claims in 15-CV-2136, the court would still find this duplicative federal lawsuit, filed while a nearly identical federal lawsuit was still pending, to be malicious and thus dismissible under 1915(e)(2)(B)(i).  See *Wilson*, 878 F.2d at 849-850.  Plaintiff's Complaint (#1) is dismissed.

    IT IS THEREFORE ORDERED THAT:

    (1) Plaintiff's Motions to Supplement Complaint (#5), (#7) are GRANTED.

    (2) Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (#2) is DENIED.

    (3) Plaintiff's Motion to Request Counsel (#3), Motion to Request Access to CM/ECF (#4), and Motion for Status and Guidance (#6) are hereby deemed MOOT.

    (4) Plaintiff's *pro se* Complaint (#1) is dismissed under 28 U.S.C. § 1915(e)(2)(B).

    (5) This case is terminated.

    ENTERED this  7th  day of   May   , 2018.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE